USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1274 CITY OF PORTSMOUTH NEW HAMPSHIRE, Plaintiffs - Appellants, v. RICHARD SCHLESINGER AND WILLIAM WEINSTEIN, Defendants - Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Young,* District Judge. ______________ _____________________ Steven E. Grill, with whom Alexander J. Walker, Jr., and ________________ __________________________ Devine, Millimet & Branch, P.A. were on brief for appellants. _______________________________ Christopher Cole, with whom Peter S. Cowan and Sheehan, _________________ _______________ ________ Phinney, Bass & Green, P.A. were on brief for appellees. ___________________________ ____________________ May 9, 1996 ____________________  ____________________ * Of the District of Massachusetts, sitting by designation. Per Curiam. The Supreme Court of New Hampshire issued __________ its opinion on March 12, 1996, in City of Portsmouth v. ____________________ Schlesinger, et al., No. 95-399, 1996 WL 112,644 (N.H. Mar. 12, ___________________ 1996), responding to the question certified by this court on June 13, 1995. See City of Portsmouth v. Schlesinger, 57 F.3d ___ ___________________ ___________ 12, 18 (1st Cir. 1995). Having dealt with appellant's other arguments in our earlier decision, the sole remaining issue in this appeal is whether the appellees' so-called "illegality" defense was time barred. The district court held the defense timely and, ruling that it applied to appellant's conduct, entered judgment for the appellees. On appeal, this court considered that the timeliness issue turned on whether the short statutes of limitation found in New Hampshire Rev. Stat. Ann. sections 677:2 and :4 apply in the circumstances of this case. The New Hampshire Supreme Court has now responded in the negative when that question was certified to it. The New Hampshire Supreme Court ruled that the questions presented by this case -- questions of an ordinance's legality and ultimately the binding effect of a promissory note -- were not questions of administrative action subject to RSA 677:2 and :4, but were affirmative defenses relating to the underlying legality of the appellant's legislative action. In light of the opinion of the Supreme Court of New Hampshire, we hold that the district court's judgment for the appellee must be affirmed. ________ -2-